HENRY v. CITY OF PONTIAC.

1. MUNICIPAL CORPORATIONS—AMENDMENT OF CHARTERS—STATUTES.
   All proposals to amend a home-rule city charter pertaining to
   the same subject and directed to the same purpose are to be
   treated as 1 amendment and voted on as such although they
   contemplate change of more than 1 section, in order to carry
   out the intention of the legislature and avoid absurdity of
   result in amending such charter (CLS 1956, § 117.21).

2. SAME—AMENDMENT OF CHARTER—POLICE DEPARTMENT.
   Amendment of home-rule city charter whereby 6 sections were
   repealed and 4 were added was properly submitted to electors
   as 1 proposition, where there was 1 unitary subject involved,
   the administrative and disciplinary control of the police
   department by municipal authority, including conferral of au-
   thority upon city manager to fire the police chief (CLS 1956,
   § 117.21).

3. SAME—ELECTIONS—AMENDMENT OF CHARTER.
   Fact that plaintiff members of city commission made no effort
   prior to election day to secure relief against the allegedly
   improper submission as one of separately submissible proposi-
   tions *held*, sufficient reason to affirm decree validating election
   held on proposal to amend charter relative to administrative
   and disciplinary control of the police department by munic-
   ipal authority (CLS 1956, § 117.21).

4. ELECTIONS—CONSTRUCTION OF STATUTES.
   Statutes giving directions as to the mode and manner of conduct-
   ing elections will be construed by the courts after election
   as directory, unless a noncompliance with their terms is
   expressly declared to be fatal, or will change or render doubt-
   ful the result, although before election such statutes will be
   construed as mandatory if direct proceedings for enforcement
   are brought.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 37 Am Jur, Municipal Corporations § 19.
[4] 18 Am Jur, Elections § 11.
[5] 14 Am Jur, Costs § 37.

5. COSTS—HOME-RULE CITIES—CHARTER AMENDMENTS.
No costs are allowed on appeal in suit to enjoin putting into effect voted home-rule city charter amendments.

Appeal from Oakland; Ziem (Frederick C.), J. Submitted April 5, 1961. (Docket No. 16, Calendar No. 48,781.) Decided June 28, 1961.

Bill by Milton R. Henry and Robert A. Landry, city commission members, against the city of Pontiac, a municipal corporation, and other members of its city commission, to enjoin putting into effect voted charter amendments. Decree for defendants establishing validity of amendments. Plaintiffs appeal. Affirmed.

*Milton R. Henry, in propria persona,* for plaintiffs.

*William A. Ewart,* for defendants.

BLACK, J. Pursuant to resolution of the Pontiac city commission the proposal in question, to amend the Pontiac city charter, was submitted to the electors at the April, 1960, election. The purpose of the proposal appeared on the ballot as follows:

"Statement of purpose—Shall chapter 3 of the city charter be amended by repealing sections 51 to 58 except sections 53 and 57 and by adding sections 59 to 62 inclusive; to provide for the appointment and removal of the chief of police and dismissal of police officers; to remove the board's power to adopt rules for duties of police officers; to authorize the chief of police to define duties of officers and prescribe rules for performance thereof and impose penalties for violations; to continue in office the present trial board; and to provide for citizen complaints against officers."

The proposal was adopted, 4,606 electors voting in favor, and 4,043 voting against.

By this bill for declaratory relief plaintiffs assail the apparently adopted amendment, alleging that it is duplicitous under section 21 of the home-rule city act* and that it should have been submitted to the electors in separate portions. Judge Ziem held against plaintiffs. They have appealed.

Plaintiffs contend the proposal embraces 3 separate subjects, as follows:

"1. The amendment embraced the establishment of a trial board.

"2. It concerned the question of the removal of the chief of police from the protection of the trial board and his placement under the city manager, so far as his right to tenure is concerned.

"3. It involved the city manager's rights to fix and determine the number of police and fire department personnel, and the adoption of a scheme for the accomplishment of reduction of personnel in these departments for reasons of economy."

We are referred to 3 cases, with respect to which counsel draw different conclusions as they accept or reject validity of the amendment as proposed and approved. These cases are *Kelly* v. *Laing,* 259 Mich 212; *Michigan Public Service Company* v. *City of Cheboygan,* 324 Mich 309; and *House* v. *City of Saginaw,* 334 Mich 241. In the *Kelly Case* it was said generally of said section 21, referring to the section as it stood at the time (CL 1929, § 2257 [Stat Ann § 5.2100]):

"It was the intention of the legislature to provide for orderly change of the charter, not to encourage

---

* Section 21 of the home-rule city act (CLS 1956, § 117.21 [Stat Ann 1959 Cum Supp § 5.2100] provides in part:

"Any proposed amendment shall be confined to 1 subject and in case a subject should embrace more than 1 related proposition, each proposition shall be separately stated to afford an opportunity for an elector to vote for or against each such proposition."

or sanction confusion in city government. To carry out its intention and to avoid absurdity of result, it is necessary that all proposals pertaining to the same subject and directed to the same purpose be treated as 1 amendment, as they are in fact, and be voted on as such, although they contemplate change of more than 1 section." (p 215)

This quotation stands today as an excellent guide for relevant application of said section 21. The quoted bolstering amendment of the section, employing as it does the expression "more than 1 *related* proposition," makes such conclusion clear if clarity was not present before. So it remains necessary that amendatory proposals pertaining to the same subject and directed "to the same purpose be treated as 1 amendment" and "voted on as such."

The amendment plaintiffs would invalidate pertains to the same subject and is aimed to the same purpose, that of administrative and disciplinary control of the police department by municipal authority. It does not embrace "more than 1 related proposition" since the allegedly "slipped in" authority of the city manager to fire the police chief is well within the objective scope of the unitary subject and purpose I find as stated above.

Even if there were fair doubt or fair difference of opinion respecting the presented question, Judge Ziem's decree should be affirmed for reasons considered and applied under the heading of questions 3 and 4 in the *Cheboygan Case*. No effort was made, by these plaintiff members of the city commission, to seek—prior to election day—relief against the allegedly improper submission as one of separately submissible propositions. Courts weigh these questions with different scales *after,* distinguished from *before,* election day. See quotations and conclusions

of the Court in the *Cheboygan Case,* starting at page 337.

I vote to affirm, without an award of costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.